**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| STEVEN JAY HOFFMAN,<br><br>    Plaintiff<br><br>    v.<br><br>SEA DRAGON TRADING LLC.,<br>a California Limited liability company, GUDI<br>TRADING, INC., a California corporation,<br>JHUUIWEALTH LIMITED, a California entity,<br>and JANE DOE,<br><br>    Defendants. | Case No.  1:23-cv-3407<br><br>Jury Demand |

## <u>COMPLAINT AT LAW</u>

NOW COMES the Plaintiff STEVEN JAY HOFFMAN, by and through its attorneys, Amundsen Davis, LLC,  and for its Complaint against defendants, JANE DOE,  SEA DRAGON TRADING LLC, a California limited liability company, GUDI TRADING, INC., a California corporation, and JHUUIWEALTH LIMITED, a California entity, states as follows:

1.      This is an action arising out of a sophisticated fraudulent scheme that defrauded Plaintiff out of his cryptocurrency assets valued at approximately $2.4 million dollars.

2.      Defendant Jane Doe played a material role in a scheme to defraud Plaintiff. With the help of three or more individuals or entities also named as defendants in this suit, they scammed and misappropriated large sums of Plaintiff's cryptocurrency assets, eventually depositing those assets in several accounts and wallets that they own, operate, control or otherwise have access to at Binance, Coinbase, OKX, centralized cryptocurrency exchange platforms that facilitate cryptocurrency-to-cash conversion.

3.      Plaintiff seeks to recover his stolen cryptocurrency assets in this suit.

**THE PARTIES**

4.      Plaintiff Steven Jay Hoffman is an individual domiciled in Chicago, Illinois and is a citizen of the State of Illinois.

5.      Defendant Jane Doe is an individual and, upon information and belief, is *sui juris*.

6.      Defendant Sea Dragon Trading LLC is a California limited liability company organized in September 2022 by its manager and registered agent, Hailong Zhu. Defendant Sea Dragon's principal place of business is 1140 S. El Molino St., Alhambra, CA 91801.

7.      Defendant Gudi Trading Inc. is a California corporation with principal place of business at 1930 Rochester Avenue, Ontario, Ca 91761.

8.      Defendant Jhuuiwealth Limited is a California entity that used a bank account at East West Bank, with branch located at 9300 Flair Dr, El Monte, California 91731 to receive cryptocurrency assets from Plaintiff.

9.      In addition to above named defendants, there are likely other parties who may be liable to Plaintiff, but about whom Plaintiff currently lacks specific facts to permit him to name these persons. or entities as party defendants. By not naming such persons or entities at this time, Plaintiff is not waiving his right to amend this pleading to add such parties, should the facts warrant adding such parties.

**NON-PARTIES**

10.      Non-party Binance Holdings Limited ("Binance") is a global cryptocurrency exchange platform that provides a platform for customers to buy, sell, and store cryptocurrencies. Upon information and belief, Binance is headquartered in Malta.

11. Non-party Coinbase Global, Inc. is a Delaware Corporation with its principal place of business in San Francisco, California. Coinbase is a global cryptocurrency exchange platform that provides a platform for customers to buy, sell, and store cryptocurrencies.

12. Non-party OKX is a global cryptocurrency exchange platform that provides a platform for customers to buy, sell, and store cryptocurrencies. Upon information and belief, OKX is based in the country of Seychelles.

13. Non-party Bank of America, a national bank, has provided at least one bank account, #325174623881, to defendant Sea Dragon Trading LLC. It has also facilitated the transfer of funds belonging to plaintiff out of cryptocurrency exchange platforms in this matter and into defendant Sea Dragon Trading's Bank of America account.

14. Non-party JP Morgan Chase Bank, a national bank, has provided at least one bank account, #892504886, to defendant Sea Dragon Trading LLC. It has also facilitated the transfer of funds belonging to plaintiff out of cryptocurrency exchange platforms in this matter and into defendant Sea Dragon Trading's Chase bank account.

15. Non-party East West Bank, with its principal place of business in Pasadena, California, has provided at least one bank account to defendant Jhuuiwealth Limited. It has also facilitated the transfer of funds belonging to plaintiff out of cryptocurrency exchange platforms in this matter and into defendant Jhuuiwealth Limited's bank account. \

16. Non-party Metropolitan Bank Holding Corp., d/b/a Metropolitan Commercial Bank, is a bank with its principal place of business in New York, New York. Metropolitan Commercial Bank facilitated a series of wire transfers of U.S. dollars funds belonging to plaintiff to plaintiff's Crypto.com account.

17. Cloudflare, Inc. is a company that provides domain registration and content delivery network services. Its principal place of business is in San Francisco, California. The "muhdos.com" and "cc83s.com" websites are associated with the fraudulent trading platform EurexCoin. Both websites have both used domain name servers (DNS) of Cloudflare.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorneys' fees, and is an action between citizens of different states.

19. This Court has personal jurisdiction over defendants because they committed a tort in this jurisdiction.

20. This Court has subject matter jurisdiction over the controversies between the parties under 28 U.S.C. § 1331 since the controversies involve questions arising under the statutes of the United States.

21. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391 because the causes of action accrued in this jurisdiction.

## FACTS COMMON TO ALL COUNTS

22. Cryptocurrency is a digital currency stored in an electronic wallet. Bitcoin (BTC) and Ethereum (ETH) are the most popular types of cryptocurrency. Cryptocurrency can be exchanged through intermediaries or through a cryptocurrency exchange.

23. Holding and exchanging cryptocurrency requires a digital wallet, which has a public key or a wallet address (like a bank account number) and a private key similar to a password.

24. A sender seeking to send cryptocurrency to another person utilizes his private key to access the cryptocurrency and authorizes the transfer to the intended recipient's wallet address.

25. Wallets keep a record of all cryptocurrency transactions (sell, buy, exchange) and store the record on a blockchain. A blockchain is a decentralized public ledger that records cryptocurrency transactions. Each block on the chain contains multiple transactions.

26. Most transactions are recorded publicly to the blockchain along with the sender and recipient's addresses, making it possible to monitor financial activities of the address

27. Cryptocurrency can be converted into a fiat currency (like U.S. Dollar) by using a centralized cryptocurrency exchange platform such as Binance and Coinbase. A holder seeking to convert cryptocurrency being held in an outside wallet can create an account on these platforms, transfer his cryptocurrency to this account, convert it into a currency of choice, and then withdraw it to a designated bank account.

28. Banking institutions such as JPMorgan Chase, Bank of America and East West Bank facilitate the transfer of U.S. dollars into and out of cryptocurrency exchange platforms.

29. Cryptocurrency platforms such as Binance, Crypto.com, and Coinbase are financial institutions which require their accountholders submit valid personal identification documents to be able to make transactions through these institutions.

30. On or about August 3, 2022, Defendant Doe contacted Plaintiff via text message, claiming to have contacted Plaintiff by accident.

31. Defendant Doe claimed her name was Jill Peters Algit. Upon information and belief, Jill Peters Algit is an alias used by defendant Doe.

32. Defendant Doe and Plaintiff continued their chat via WhatsApp, a free instant messaging app.

33. Defendant Doe misrepresented to Plaintiff that she was actively and successfully engaged in the trading of cryptocurrency investment through an online platform known as "EurexCoin". Defendant Doe claimed to conduct extremely profitable trades through EurexCoin. EurexCoin is a fraudulent platform controlled in part by defendant Doe to steal funds from Plaintiff.

34. Defendant Doe instructed Plaintiff to create an account on Crypto.com, a commercial cryptocurrency exchange and fund it with a series of wire transfers in U.S. Dollars, sent to an account at Metropolitan bank. Plaintiff reasonably relied upon this representation and created his Crypto.com account.

35. Reasonably relying on these false representations made by defendant Doe, specifically hoping he would use his cryptocurrency assets to execute profitable trades, Plaintiff transferred approximately $2.1 million dollars to his Crypto.com account via 7 bank wire transfers to Metropolitan Commercial Bank. These funds were credited to his Crypto.com account.

36. Defendant Doe instructed Plaintiff to purchase equivalent of $1.7 million dollars worth of Tether digital tokens (USDT) through his account at Crypto.com with the goal of eventually stealing these funds from Plaintiff from cryptocurrency wallets controlled or accessed by her and other defendants. Plaintiff reasonably relied on these representations and made the requested transfers.

37. Plaintiff was then instructed by defendant Doe to establish an account at the purported EurexCoin trading platform, which used multiple addresses: (1) http:www.eurexcoinpro.com; (2) https://muhdosy.com/IFVgN; and (3) http://cc83s.com;IFVgn. Plaintiff created his EurexCoin account reasonably relying on these representations.

38.     Defendant Doe instructed plaintiff to transfer Tether digital tokens (USDT), to specific wallet addresses designated by defendant Doe in Plaintiff's purported account at EurexCoin so he could begin trading.

39.     Defendant Doe led Plaintiff through a number of allegedly profitable "buy long" and "sell short" trading transactions, upon information and belief, modeled on arbitrate of pairs of cryptocurrencies and digital tokens, such as BTC/USDT.

40.     Defendant Doe made false statements to Plaintiff regarding his investment returns, such as a purported profit of $32,000 USDT earned, in less than a minute, on an investment of 80,000 USDT. This led Plaintiff to believe that defendant Doe and the EurexCoin platform have produced an impressive return on his investment. These statements were designed to mislead Plaintiff into transferring his cryptocurrency into the fake EurexCoin platform so the defendants can steal the funds.

41.     Upon information and belief, the trading activity shown by Defendant Doe to Plaintiff was merely a simulation. The funds deposited by Plaintiff was not actually used by Defendant Doe to process trades on Plaintiff's behalf. At all times relevant, defendants intended to steal Plaintiff's funds.

42.     In November 2022, Defendant Doe solicited Plaintiff to invest in a fake Initial Coin Offering (ICO) for a new EurexCoin digital token named "ERX". This ERX ICO did not exist and was part of defendants' scam to steal funds from Plaintiff.

43.     Plaintiff reasonably relied on these representations made by defendant Doe and sent 13 transfers of USDT from his Crypto account to wallets addresses in EurexCoin based on the false representations made by defendant Doe. The transaction details of these 13 transfer are as follows:

| Client Transfer | Transaction (Tx) Hash | Date Time (UTC) | From Address (Crypto.com) | To Address ("EurexCoin") | USDT Transferred | USD Value (Day of Tx) |
|---|---|---|---|---|---|---|
| 1 | 0xe78a3c03f57a34fe53889703c5374e35c636345dbe20bdd2214f2754bfbe5321 | 8/17/2022 3:08 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 9,249.88 | $9,257.98 |
| 2 | 0x7b2979e388537a05ea1f71023bd3ad7ce93cf86ac8d7d10cfc17815e8e6a81e3 | 9/14/2022 2:34 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 194,880.57 | $194,888.86 |
| 3 | 0x5aa0c5a393088208a05a827392dc099e91e80a869718a07a1bf344184cc3df64 | 9/15/2022 2:34 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 96,928.67 | $97,148.03 |
| 4 | 0x471a0027b44437420235a8ea59db0f8de80b2cd22a6785533d967aff1f0bdeee | 9/30/2022 16:30 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 187,154.26 | $187,316.76 |
| 5 | 0x6ea2523f55a3caf988be2125683972b8ea7bf0ccc88fbb31b700bd735c59208e | 10/1/2022 23:23 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 185,117.54 | $185,165.47 |
| 6 | 0xb1f0a3461d212f4d5fbdc03db3c92167fadd9e477cf7e6bed9e11588f27361bc | 10/3/22 1:59 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 115,886.87 | $115,930.80 |
| 7 | 0x251d111879232f807e42c1fd0ff4a745c0d44d87a341c0a21bae9def05dce97c | 10/12/2022 2:17 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 183,166.47 | $183,177.58 |
| 8 | 0x35849f966a40cb974fbc07b40637607e6325e3c55ccd4e3957883db1c12053f8 | 10/13/2022 2:13 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 1,813.53 | $1,814.37 |
| 9 | 0x5845dbe0df647020fc5331047d9978422bcd5d7b3b87126e62ebc386a0f65e2c | 11/2/2022 17:24 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 199,990 | $200,081.56 |
| 10 | 0x7ad1ff49dd7f764f3676bd1dc6738d858b77b1af9dddad48f617fd70fbea304e | 11/5/2022 3:18 | 0x46340b20830761efd32832a74d7169b29feb9758 | 0xc94d18fb5867fe4da5887c3be1e7fa386d9b68f1 | 43,623.22 | $43,611.72 |

| 11 | 0x3b36e4b7ce8a9835be9e b44168c4c34cd26457e797 7e9722e6fbdd67f0192489 | 12/10/2022 19:14 | 0x46340b208307 61efd32832a74d7 169b29feb9758 | 0x4fa6a2bb1d22 8fbfc2cf13c8c8b 4ca13724f609f | 165,630.42 | $165,630.42 |
| 12 | 0x32eefc26e4b125280a641 ca934f8c299a7e32c72dc7f e14958899e9d64e72483 | 12/11/2022 19:47 | 0x46340b208307 61efd32832a74d7 169b29feb9758 | 0x4fa6a2bb1d22 8fbfc2cf13c8c8b 4ca13724f609f | 165,630.42 | $165,630.42 |
| 13 | 0x7da8ea9ee14febccc0b72 33051d31217b79480bc15a 01e60277e6b5c2f7b276e | 12/12/2022 20:28 | 0x46340b208307 61efd32832a74d7 169b29feb9758 | 0x4fa6a2bb1d22 8fbfc2cf13c8c8b 4ca13724f609f | 155,883.15 | $155,883.15 |
| | TOTAL | | | | 1,704,955.00 USDT | $1,705,537.12 USD |

44.     The plaintiff, relying on the representations, transferred a total of $1,704,955.00 USDT, equivalent of $1,705,537.12 in US dollars.

45.     Upon information and belief, incoming funds transferred from Plaintiff's Crypto.com account were commingled with funds transferred from other potential victims of fraud. There was no actual mechanism in place to segregate the sums contributed by each party, as would be standard procedure for customer funds held in the custody of a legitimate cryptocurrency trading platform.

46.     These transfers did not go toward any trading or investment as represented. Rather, they were delivered to various private or sham addresses owned, operated, and/or affiliated with defendants.

47.     On October 2022, Plaintiff began experiencing difficulties in transferring funds from his Crypto.com account to "EurexCoin." Defendant Doe instructed Plaintiff to wire funds to a "P2P merchant account" in order to add funds to his "EurexCoin" trading account. These P2P merchant accounts were fraudulent accounts designed and controlled by defendants to steal funds from Plaintiff. Plaintiff did not know this information prior to making these latter 4 transfers.

9

48.     Upon information and belief, Crypto.com had already flagged the "EurexCoin" trading account as one associated with fraudulent activity. However, Crypto.com failed to notify Plaintiff of this designation.

49.     Plaintiff sent 4 wire transfers to the P2P merchants listed below, again relying on false representations by defendant Doe that these funds would be deposited to his EurexCoin account so to execute trades or to purchase ICO.

| Date | Amount | Beneficiary | Beneficiary Bank | Beneficiary | Reference |
|---|---|---|---|---|---|
| 10/18/2022 | $250,000.00 | Jhuuiwealth Limited | East West Bank | 8271005996 | 202210180042522 |
| 10/18/2022 | $150,000.00 | Sea Dragon Trading LLC | JPMorgan Chase | 322271627 | 202210180057280 |
| 10/18/2022 | $200,000.00 | Sea Dragon Trading LLC | Bank of America | 325174623881 | 202210180053038 |
| 10/20/2022 | $100,000.00 | Gudi Trading Inc. | Bank of America | 325160197444 | 202210200081265 |
| Total | $700,000.00 | | | | |

50.     These 4 transfers totaled $700,000. These transfers did not go toward any trading or investment as represented. Rather, they were delivered to various private or sham addresses owned, operated, and/or affiliated with defendants.

51.     Through blockchain analytics tracing the path of Plaintiff's cryptocurrency assets, it has become apparent that Defendants, acting in concert, have stolen all of Plaintiff's assets; and those assets have been transferred to cryptocurrency accounts under defendants' control.

52.     Plaintiff's stolen assets have been traced to, including, but not limited to, the following cryptocurrency wallet addresses at cryptocurrency exchanges BINANCE, Coinbase and OKX, which are believed to be owned or controlled by Defendants for the purpose of committing cryptocurrency fraud.

## BINANCE

53. Blockchain analytics tracing shows Plaintiff's cryptocurrency assets have been transferred to the following BINANCE wallet addresses:

1) 0xc6ca849829080bace076bb0d7fa83652fd01b8b0
2) 0xc6cefbb645bb13d9b79e4b2e5e3ef657143e7162
3) 0x0fdaab700e1c9dc45bb36044c1c8d297eb48d867
4) 0xf39518b2794ed0776d53ec19aa858206e190c3d6
5) 0xd413faade7df3b674bce29a8ef745445bed41522
6) 0x16bBe717A31f39814BbA5277B9347DEd680FAF9F
7) 0x74AeFA54eFDa218ea785F020DD0baDD4A4917a21
8) 0xACfB932443EF2281Fb05D49FbB6165Ec80343879
9) 0x671be1fcC79Cb72F0513085bCcf93B5f5caF1971
10) 0x504434Da8C50BfcAe5dFcFDb3C7DaF5112bA6d5C
11) 0x5f3409198FC11fAE1950cc25C4Bc3AF4ea266D74
12) 0xd1BB3C78d0611B36EF5Cf5f3010276C3D90C24c0
13) 0x820403c55e1AC9bDaE8a0DEcaB833f7E0B59Bdd0
14) 0x5f3409198FC11fAE1950cc25C4Bc3AF4ea266D74
15) 0x3BBA330e05bfD32CEAe47405EFb953f7e1080Def
16) 0xc6C844B712E3f076289df0C1B4B3C7BE24A2c724
17) 0xc6CefbB645bB13d9b79e4B2e5E3Ef657143e7162
18) 0xa948ae9268b42253f2dce5d897d822eb81ab66ca

## COINBASE

54. Blockchain analytics tracing shows Plaintiff's cryptocurrency assets have been transferred to the following Coinbase wallet address:

0xcb19c7160f832f71b505dc590293302b03322db0

OKX

55. Blockchain analytics tracing shows Plaintiff's cryptocurrency assets have been transferred to the following OKX wallet addresses:

1) 0xa06896c0073597f21b5ad893ed1b963552a7f409 (See Page 33)
2) 0xa1bce1bb33fff525816d1294ee554665a242d6da (Page 33)
3) 0x97530c0BaF788C1fBb0898a4244Ec785c2D38253 (Page 40)

4) 0xe42EA17FAae85902E8A2b5C625e8b354F6Da4647 (Page 40)

56.     Upon information and belief, the pattern of the transactions involving Plaintiff's cryptocurrency assets suggests a common scheme or ownership of one or more such addresses by at least three individuals, including defendant Doe, Sea Dragon Trading, Gudi Trading, and unknown defendant Does who are the accountholders or beneficial owners of the accounts where funds were transferred, who acted in concert to scam Plaintiff.

57.     At all times material hereto, defendants have maintained-- and continues to maintain as of the date of this filing -- private cryptocurrency wallets and cryptocurrency exchange accounts in which they hold all or a portion of the cryptocurrency stolen from Plaintiff.

58.     Plaintiff did not know, and through the exercise of reasonable diligence could not have discovered, the scam that was being perpetrated upon him.

59.     Plaintiff has duly performed all of their duties and obligations, and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or else have been excused or waived.

60.     Had Plaintiff known that he was being scammed by defendants, Plaintiff would not have transferred these cryptocurrency assets to the wallets and accounts controlled by the defendants.

61.     As a result of defendants' actions and misrepresentations, Plaintiff sustained damages to be proven at trial.

### Count I

### Fraudulent Inducement Against Defendant Doe

62.     Plaintiff incorporates paragraphs 1 to 61 as if fully set forth herein.

63.     Defendant Doe made false statements of material fact to Plaintiff.

64.     Defendant Doe knew at the time the statements were made to Plaintiff that the statements were false.

65.     Defendant Doe intended that Plaintiff would be to induce him to transfer his cryptocurrency assets to accounts controlled by defendant Doe and/or other defendants by relying upon these statements of facts.

66.     Plaintiff reasonably and justifiably relied on these statements of fact, believing he was engaging in highly profitable cryptocurrency trades or purchasing ICO, in the course of transferring his cryptocurrency assets to accounts controlled by defendant Doe and/or by other defendants.

67.     Defendant Doe conspired with other defendants to steal or misappropriate Plaintiff's cryptocurrency assets after he made the transfers at Doe's direction.

68.     By reason of the foregoing, Plaintiff has sustained damages in an amount to be proven at trial.

Wherefore, Plaintiff demands a judgment against Defendant Doe for an amount to be determined at trial, including an award of attorney's fees, interest, costs and punitive damages.

## Count II

### Conversion against Defendant Doe, Sea Dragon, Gudi Trading and Jhuuiwealth Limited

69.     Plaintiff incorporates paragraphs 1 to 68  as if fully set forth herein.

70.     At all relevant times, Plaintiff is and continues to be the rightful owner of his cryptocurrency assets. And prior to the transfer, he had right to immediate, absolute and unconditional possession of his property.

71.     Plaintiff transferred his cryptocurrency assets and funds to various private or sham addresses owned, operated, and/or affiliated with defendants, including but not limited to defendants Sea Dragon, Gudi Trading and Jhuuiwealth Limited.

72.     Each of the named defendants by his or her wrongful acts, unlawfully acquired property which was rightfully owned by Plaintiff and converted such property for defendants' own use and benefit.

73.     Defendants were enriched at Plaintiff's expense and detriment.

74.     Defendants refused to return Plaintiff's cryptocurrency assets when Plaintiff attempted to withdraw those assets or otherwise demanded the return of the assets.

75.     By reason of the foregoing, Plaintiff has sustained damages in an amount to be proven at trial.

Wherefore, Plaintiff demands a judgment against all defendants for an amount to be determined at trial, including an award of attorney's fees, interest, costs and punitive damages.

**Count III**

**Unjust Enrichment Against Conversion against Defendant Doe, Sea Dragon, Gudi Trading and Jhuuiwealth Limited**

76.     Plaintiff incorporates paragraphs 1 to  75 as if fully set forth herein.

77.     Each of the named defendants by his or her wrongful acts, unlawfully acquired property which was rightfully owned by Plaintiff and converted such property for defendants' own use and benefit.

78.     Defendants were enriched at Plaintiff's expense and detriment.

79.      Defendants through actual fraud and other wrongful conduct have obtained Plaintiff's assets, which they should not be permitted to hold in equity and good conscience.

14

80.     It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for defendants retain Plaintiff's assets, which are worth substantial monetary value.

81.     By reason of the foregoing, Plaintiff has sustained damages in an amount to be proven at trial.

82.     To remedy the unjust enrichment, the Court should order defendants to immediately return Plaintiff's assets and disgorge any amounts received by them as a result of his misconduct alleged above.

Wherefore, Plaintiff demands a judgment against all defendants for an amount to be determined at trial, including an award of attorney's fees, interest, costs and punitive damages.

### Count IV

### Conspiracy Against Defendant Doe, Sea Dragon, Gudi Trading and Jhuuiwealth Limited

83.     Plaintiff incorporates paragraphs 1 to 82 as if fully set forth herein.

84.     Defendants conspired with one another to perpetrate an unlawful act upon Plaintiff or to perpetrate a lawful act by unlawful means by making multiple misrepresentations of fact, in an effort to extract Plaintiff's cryptocurrency solely to enrich themselves and not to fund the purportedly legitimate purpose of trading and investing as represented to Plaintiff.

85.     Defendants each agreed to the illicit purpose of scamming Plaintiff and stealing his cryptocurrency for their own personal gains.

86.     Defendants were each aware of, and consented to, the misrepresentations detailed above and knew that the efforts to collect assets from Plaintiff was all part of a fraud aimed solely at enriching themselves without any intent to remunerate Plaintiff.

15

87.     Each defendant knew that EurexCoin platform was fake and it conducted no legitimate trading activities, and they accepted and assisted in these activities as part of a broader fraudulent scheme designed to steal cryptocurrency from Plaintiff and other unsuspecting investors.

88.      As a direct and proximate result of defendants' conspiracy, Plaintiff suffered damages in an amount to be proven at trial.

Wherefore, Plaintiff demands a judgment against all defendants for an amount to be determined at trial, including an award of attorney's fees, interest, costs and punitive damages.

## Count V
## Constructive Trust

89.     Plaintiff incorporates paragraphs 1 to 88 as if fully set forth herein.

90.     In this action, Plaintiff seeks to impose a constructive trust upon cryptocurrency assets that are currently held and controlled by defendants in their accounts and wallets. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

91.     Cryptocurrency assets in this case are specific, identifiable property that can be traced in defendants accounts and wallets.

92.      Defendants through actual fraud and other wrongful conduct have obtained Plaintiff's assets, which they should not be permitted to hold in equity and good conscience.

93.     These assets must be held in trust and be disgorged to Plaintiff's benefit, as defendants are not entitled to the benefit of the wrongfully converted property that was scammed from Plaintiff.

Wherefore, Plaintiff demands the equitable imposition of a constructive trust over these assets being held by defendants in their accounts, and further demand the restoration of those assets to Plaintiff.

**Count VI**

**COUNT IV VIOLATIONS OF SECTION 15
OF THE EXCHANGE ACT AND RULE 10b-5**

94.     Plaintiff repeats, realleges and incorporates the allegations and facts contained in Paragraphs 1 through 93 above, as if fully set forth herein.

95.     This Count is asserted against Defendants under Section 15 of the Securities Act, 15 U.S.C. § 77o.

96.     SEC had previously stated that digital assets may be issuances of securities that must comply with federal securities laws. The SEC and CFTC has also filed numerous lawsuits against individuals and companies for the unlawful issuance of cryptocurrencies / digital assets that are securities or commodities.

97.     Defendants, by virtue of their specific acts were, at the time of the wrongs alleged herein, a controlling person within the meaning of Section 15 of the Securities Act.

98.     Defendants had the power and influence and exercised the same to cause an unlawful investment scheme.

99.     Defendants knew or should have known that they were required to seek proper registration though the SEC and/or CFTC as applicable to solicit funds from retail individuals that would be used to execute profitable trades on their behalf.

100.    Defendants failed to register with the United States Securities and Exchange Commission ("SEC"), the United States Commodity Futures Trading Commission ("CFTC"), or any other relevant regulator.

101.    Defendants do not have any certifications or proper registrations that would permit them to lawfully invest cryptocurrency/digital assets/money/funds on behalf of others.

102.     Defendants made assurances and guarantees to Plaintiff and others on numerous occasions of a successful profit return.

103.     Defendants have violated Section 15 of the Securities Act.

WHEREFORE, Plaintiff demand judgments against Defendants as follows: Declaring that Defendants are liable to Plaintiff under Section 15 of the Securities Act; Requiring an accounting of the funds and assets rightfully belonging to Plaintiffs; Ordering rescission of the investments made by Plaintiffs in the unregistered securities, and/or compensatory damages;

A. Ordering compensatory damages in excess of $75,000.
B.  Awarding punitive damages in the amount allowable under Illinois law;
C. Awarding Plaintiffs pre-judgment interest;
D. Awarding Plaintiff and his costs and expenses incurred in this action, including reasonable allowance of fees for plaintiff's attorneys, accountants, and experts, and reimbursement of plaintiffs expenses;
E. Granting such other and further relief as this Court may deem just and proper.


Respectfully submitted,


By:     s/ Joseph Carlasare_____
        Joseph Carlasare
        Attorney for Plaintiff


**Amundsen Davis, LLC**
Joseph P. Carlasare  #6308706
Gary Zhao, #6279527
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
P: 312.894.3200
F: 312.894.3210
jcarlasare@amundsendavislaw.com
gzhao@amundsendavislaw.com