3065251– GZ/RZ                                                           Firm ID: 42907

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| STEVEN JAY HOFFMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No.  1:23-cv-3407 |
| v. | ) | |
| | ) | |
| SEA DRAGON TRADING LLC., | ) | Judge Andrea R. Wood |
| a California Limited liability company, GUDI | ) | |
| TRADING, INC., a California corporation, | ) | |
| JHUUIWEALTH LIMITED, a California entity, | ) | |
| and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RULE TO SHOW CAUSE AND MOTION TO COMPEL
CLOUDFLARE, INC. TO COMPLY WITH A SUBPOENA DUCES TECUM**

NOW COMES Plaintiff, STEVEN JAY HOFFMAN, by and through his attorneys,

Amundsen Davis, LLC,  pursuant to Fed. R. Civ. P. 45 and Local Rule 37.2, and moves this

Court for an Order requiring, the third party platform, Cloudflare, Inc., to show cause why it

should not be held in contempt for failure to produce Know Your Customer information and

documents responsive to Plaintiff's subpoena duces tecum and to compel the production of said

information.  In support of his motion, states as follows:

1. On May 30, 2023, Plaintiff filed a complaint arising from a sophisticated fraudulent scheme

   that defrauded Plaintiff of his cryptocurrency assets valued at approximately $2.4 million

   (Dkt. #1).

2. On October 18, 2022, Defendants used fictitious identities and instructed Plaintiff to create

   an account and transfer his assets through "muhdos.com." Eventually, Plaintiff's assets

1

were transferred to different addresses associated with exchange accounts on regulated centralized cryptocurrency platforms such as Binance, OKX, Coinbase, and Cloudflare.

3. Based on Plaintiff's investigation and Whois records[1], Cloudflare, Inc. ("Cloudflare") is the domain name server ("DNS") for both "muhdos.com" and the affiliated "cc83s.com" websites associated with the fraudulent scheme.

4. On August 16, 2023, Plaintiff filed a motion for expedited discovery, seeking expedited discovery on cryptocurrency exchange platforms such as Binance, OKX, Coinbase, and Cloudflare, as well as banking institutions, to reveal the real identities of the Defendants and permit service on them (Dkt. #11).

5. The court granted Plaintiff's motion to expedite discovery on September 12, 2023 (Dkt. #13), indicating that "Know Your Customer('KYC')" information of the account holder or customer of the "muhdos.com" and "cc83s.com" websites should be obtained from the third-party, such as Cloudflare, through subpoena to identify the true identities of Defendants.

6. Plaintiff issued a subpoena to Cloudflare on September 15, 2023 at 101 Townsend Street, San Francisco, CA 94107, requesting Cloudflare to respond by September 29, 2023, regarding the KYC information of the account holders, owners, and operators during the setup process of the accounts associated with "muhdos.com" and "cc83s.com." (Exhibit A-subpoena and the address in the secretary of state)

---

[1] According to Whois records, the website used domain name servers (DNS) of Cloudflare: isabel.ns.cloudflare.com and elias.ns.cloudflare.com.

7. Records indicate that Cloudflare was served with the subpoena on September 18, 2023 (Exhibit B-proof of delivery); however, Cloudflare failed to respond to the subpoena by September 29, 2023.

8. On December 12, 2023, Plaintiff further served a meet-and-confer letter to the president of Cloudflare, Michelle Zatlyn, at 3317 WASHINGTON ST, SAN FRANCISCO, CA 94118-2033, which was delivered on December 13, 2023, requesting Cloudflare to contact Plaintiff within ten (10) business days upon receipt of the letter. However, no response has been received (Exhibit C- meet and confer letter on December 12, 2023).

9. On April 8, 2024, Plaintiff served another meet-and-confer letter to Cloudflare, Inc c/o Registered Agent Solutions, Inc. 9 E. Loockerman Street Suite 311, Dover, DE 19901, requesting KYC information for the accounts associated with "muhdos.com" and "cc83s.com." The letter requested Cloudflare to meet and confer within seven (7) business days upon receipt of the letter. The letter stated that if Cloudflare failed to comply, Plaintiff would file a motion to compel(Exhibit D- meet and confer letter on April 8, 2024 & screenshot of Secretary of state).

10. On April 12, 2024, Cloudflare responded through email that "Cloudflare provides network services to muhdos.com and cc83s.com, but we would not have any subscriber information about specific domains using Kingsoft.com's platform. You will need to contact Kingsoft.com…"(Exhibit E-email).

11. Plaintiff responded to Cloudflare, stating that Cloudflare had been properly served with the subpoena and acknowledged that it possessed information regarding Muhdos.com and cc83s.com. However, it declined to provide the subscriber information as requested in

Plaintiff's subpoena. Defendant notified Cloudflare to respond to the email by the end of April 26, 2024, or else Plaintiff will file a motion for a rule to show cause(Ex. E).

12. In federal court, procedural issues involving subpoenas to nonparties are governed by Federal Rule of Civil Procedure 45. Rule 45(a) allows the issuance of subpoenas to command a recipient to produce documents in one's "possession, custody, or control."*TCYK, LLC v. Doe*, No. 13 C 3845, 2013 U.S. Dist. LEXIS 145722, at *4-5 (N.D. Ill. Oct. 9, 2013). In *Wuluvarana v. Doe*, The court granted Plaintiff to issue subpoenas under Fed. R. Civ. P. 45 to Coinbase, Binance and Gemini for the purpose of obtaining information to identify the John Doe defendants. No. 22-cv-982-pp, 2023 U.S. Dist. LEXIS 6449, at *14 (E.D. Wis. Jan. 13, 2023). Similarly, in *TCYK, LLC v. Doe*, the Court granted plaintiff leave to subpoena the nonparty Internet Service Providers (the "ISPs") from which the Doe defendants obtain Internet access in order to discover the Doe defendants' true identities. No. 13 C 3845, 2013 U.S. Dist. LEXIS 145722, at *1.

13. Rule 45(c)(2)(B) states that "a person commanded to produce documents . . . may serve . . . on the party of attorney designated in the subpoena a **written objection** [to the subpoena] before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). Under Rule 45(c)(2)(B), "failure to timely file an objection will result in waiver of the right to object to enforcement of the subpoena". Meanwhile, Rule 45(c)(3) describes another procedural avenue available to a subpoena recipient to challenge a subpoena: the motion to quash or modify a subpoena.

14. Rule 45(d)(2)(B)(i) provides that a party serving a subpoena may move for an order compelling production in "the court for the district where compliance is required." Fed. R.

Civ. P. 45(d)(2)(B)(i). SPS Technologies, LLC v. Boeing Co., No. 19 C 3365, 2019 U.S. Dist. LEXIS 95881, at *8 (N.D. Ill. June 7, 2019).

15. Another remedy for failure to comply with a subpoena is to seek to hold the non-complying person in contempt of court. Rule 45(e) provides that a person who fails "without adequate excuse to obey [a] subpoena" may be held in contempt. DeGeer v. Gillis, 755 F. Supp. 2d 909, 930 (N.D. Ill. 2010). The rule does not require the court to first order compliance before imposing the sanction of contempt, although subsection (c) of the rule requires an intervening court order if the recipient of the subpoena objects in writing to the production of documents or things. United States SEC v. Hyatt, 621 F.3d 687, 690 (7th Cir. 2010).

16. Federal Rule of Civil Procedure 45(g) states that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

17. In this case, due to the fraudulent nature of the case, Defendants attempted to hide their real identities. Plaintiff has exhausted all other avenues to obtain the KYC information of the account holders and therefore had no choice but to issue a subpoena to the third party platforms, such as Cloudflare.

18. Based on the Court's order, Plaintiff issued subpoenas on September 15, 2023 under Fed. R. Civ. P. 45 and served meet-and-confer letters under Local Rule 37.2 to Cloudflare several times. Cloudflare did not respond until April 12, 2024, when Plaintiff threatened to file a motion to compel. In its response email, Cloudflare admitted that it provided network services to muhdos.com and cc83s.com. However, as a domain server, it refused to provide the KYC information, stating that it "would not have" the information and directed Plaintiff

to obtain the KYC information from an unknown or unrelated website, "Kingsoft.com." (Ex. E).

19. Cloudflare has failed to comply with the court order and has disobeyed the Fed. R. Civ. P. 45 and Local Rule 37.2. First, a single email stating that it does not possess the KYC information is insufficient, especially considering that Cloudflare successfully received every the subpoena and letter after Plaintiff made multiple diligent efforts to serve them. See *Hoelzel v. First Select Corp*., 214 F.R.D. 634, 636 (D. Colo. 2003) (concluding that a single email did not satisfy the meet and confer requirement); *Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841 AS, 2007 U.S. Dist. LEXIS 33665, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc*., No. 3:05-MD-527 RM (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) (a single email sent by the party does not constitute an engagement in a conference to resolve the discovery dispute). Additionally, when Cloudflare finally responded, it should not have shifted the duty to produce to others.

20. Plaintiff believes that this Court should issue a rule to show cause requiring Cloudflare to explain precisely what investigation it conducted in response to Plaintiff's subpoena, why it did not produce those documents as a domain server, what process it followed to search for those documents, and to produce the documents that should have been provided in a timely and appropriate manner but were not.

21. Cloudflare's proper response will ensure that Plaintiff obtains the documents requested in the subpoena, which is crucial for identifying the real defendants and achieving justice. See, *TCYK, LLC*, No. 13 C 3845, 2013 U.S. Dist. LEXIS 145722, at *10(the subpoena is

calculated to lead to the identification of the infringer). see also, *Malibu Media, LLC v. John Does* 1-6, 291 F.R.D. 191, 85 Fed. R. Serv. 3d 1187(the customer's identity may be a "useful starting point for identifying the actual infringer.").

22. However, Cloudflare not only failed to respond to Plaintiff's subpoena and letters in a timely and proper manner, neglected to raise any objections, or file a motion to quash as required by Rule 45, but also attempted to evade and shift its duty to others in its response. Therefore, due to its evasive or incomplete disclosure and response, Cloudflare should be compelled to produce the KYC information or provide reasonable explanations why it did not possess the information as a domain server. See *Sioux Steel Co. v. Prairie Land Millwright Services*, No. 16 C 2212, 2020 U.S. Dist. LEXIS 97260, at *20 (N.D. Ill. June 3, 2020)(Plaintiff's Motion to Compel Compliance with Third-Party Subpoenas is granted.) See *Tax Track Systems, Corp. v. New Investor World, Inc.*, No. 01 C 6217, 2002 U.S. Dist. LEXIS 21320, at *27 (N.D. Ill. Nov. 1, 2002)(the obligation to respond fully to discovery is enforceable with sanctions.)

WHEREFORE, Plaintiff, STEVEN JAY HOFFMAN, by and through his undersigned attorneys, requests that this Court enter an Order (1) requiring Cloudflare to show cause why it did not produce the KYC information as a domain server and explain what investigation it performed in response to Plaintiff's subpoena; and (2) compelling Cloudflare to produce the KYC information which it withheld without any objection in its response email, and for any additional relief this Court deems necessary.

.

Respectfully submitted,

By: s/ Gary Zhao_____
    Gary Zhao
    Attorney for Plaintiff

**Amundsen Davis, LLC**
Joseph P. Carlasare  #6308706
Gary Zhao, #6279527
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
P: 312.894.3200
F: 312.894.3210
jcarlasare@amundsendavislaw.com
gzhao@amundsendavislaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 29, 2024 that a true and correct copy of the foregoing document was sent electronically to all counsel of record via ECF notices.
.

Respectfully submitted,

*/s/* Gary Zhao
One of Attorneys for Defendant