**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |  |
|---|---|---|
| STEVEN JAY HOFFMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No.  1:23-cv-3407 |
| v. | ) | |
| | ) | |
| SEA DRAGON TRADING LLC., | ) | |
| a California Limited liability company, GUDI | ) | |
| TRADING, INC., a California corporation, | ) | |
| JHUUIWEALTH LIMITED, a California entity, | ) | |
| KONRAD ZIELILNSKI and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT KONRAD ZIELINSKI'S MOTION TO**
**DISMISS THE COMPLAINT**

**NOW COMES** the Plaintiff STEVEN JAY HOFFMAN, by and through his undersigned

attorney, pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby respectfully requests this

Honorable Court to deny Defendant, KONRAD ZIELINSKI's motion to dismiss Plaintiff's

Amended Complaint.  In support thereof, Plaintiff states as follows:

**INTRODUCTION**

This action arises from a sophisticated fraudulent scheme that defrauded Plaintiff of

cryptocurrency assets valued at approximately $2.4 million. With the assistance of one or more

individuals or entities, named as Defendants in this suit, Defendants allegedly together scammed

and misappropriated substantial sums of Plaintiff's cryptocurrency, ultimately depositing those

assets into several accounts and wallets they own, operate, control, or otherwise access at Binance,

Coinbase, and OKX—centralized cryptocurrency exchange platforms that facilitate

cryptocurrency-to-cash conversion.

1

Despite his denials of involvement and claims of innocence, evidence obtained by Plaintiff through subpoenas to third-party platforms indicates that Defendant Zielinski played a material role in the scheme. For example, such evidence was supplied to the court as an exhibit via Plaintiff's motion to amend complaint. Plaintiff has successfully asserted all counts of the Amended Complaint against Defendant Zielinski with peculiarity and specificity under Fed. R. Civ. P. 9. The Complaint alleges that Zielinski fraudulently induced Plaintiff to invest his assets, converted the Plaintiff's cryptocurrency, was unjustly enriched by this conversion, conspired with the other defendants to misappropriate the property, and violated the Exchange Act. For these reasons, Defendant Zielinski's motion to dismiss should be denied with prejudice.

## FACTS AND PROCEDURAL HISTORY

It is alleged in the Amended Complaint that on or about August 3, 2022, Defendant Zielinski, a person residing in Illinois, along with his co-conspirators, allegedly contacted Plaintiff unsolicited, using a female alias, "Jill Peters Algit."(Dkt. #36, paras. 32, 37, 56) After engaging in friendly conversation, Defendant and his co-conspirators began soliciting funds from Plaintiff, falsely representing that they were actively and successfully engaged in cryptocurrency trading through an online platform called "EurexCoin" and promising significant profits (Dkt. #36, paras. 33, 34).

It is further alleged that relying on Defendants' misrepresentations, Plaintiff created an account on Crypto.com and transferred $2.4 million to various individuals and entities in the United States, including Defendant Zielinski(Dkt. #36, paras. 35-56). Specifically, on August 28, 2022, Defendant, using fictitious identities, instructed Plaintiff to withdraw money from his Crypto.com account and transfer 13,183.56 USDT (equivalent to $13,183.5) to his Coinbase wallet address: 0xcb19c7160f832f71b505dc590293302b03322db0 (Dkt. #36, paras. 55-56).

2

On May 30, 2023, Plaintiff filed his original complaint against other Defendants due to the fraudulent scheme (Dkt. #1).On February 19, 2024, Plaintiff subpoenaed Coinbase for the Know Your Customer (KYC) information associated with this wallet address. On March 29, 2024, Coinbase responded to the subpoena, providing account information that identified Konrad Zielinski as the account holder (Exhibit A- Coinbase report). On or about July 11, 2024, Plaintiff filed its Amended Complaint, after obtaining leave from the court through a motion to amend(Dkt. #32), naming Zielinski as one of the Defendants(Dkt. #36) and supplying the court with records obtained from Coinbase. On July 29, 2024, Zielinski's counsel filed an appearance (Dkt. #37). The parties agreed to an informal exchange of discovery documents. On October 14, 2024, after Plaintiff provided Defendant with the Coinbase account statement, Defendant provided a detailed, redacted Coinbase report, showing that Zielinski received 13,183.56 USDT on August 28, 2022, the same day Plaintiff transferred the funds (Exhibit B-redacted Coinbase report). The report also indicated that Zielinski had a balance of $0 on August 11, 2022, before Plaintiff's transfer. The report further shows that immediately after receiving Plaintiff's 13,183.56 USDT, Zielinski disposed of nearly all of the transferred assets from plaintiff. As of September 2022, only 8.70 USDT remained in his Coinbase account. Throughout 2023, the account maintained a balance between 0.03 and 0.12 USDT, indicating that Zielinski had sold and disposed of all the USDT at issue. On October 17, 2024, Defendant filed a motion to dismiss Plaintiff's Amended Complaint. (Dkt. #46). The other defendants who never appeared to answer the complaint in this case have been defaulted under Rule 55(a). (Dkt. #24 and #30).

**ARGUMENTS**

I.  **Defendant Waived The Argument Regarding Count I Of Fraudulent Inducement.**

Defendant alleged that it filed the Motion to Dismiss Counts II, III, IV, V, and VI of the Amended Complaint (Dkt. #46, pg. 1). However, Plaintiff filed the complaint against Defendant Zielinski for all counts, including Count I for fraudulent inducement. Defendant Zielinski is one of the Doe Defendants whom Plaintiff recently identified. Defendant Zielinski has never expressly denied that he is Doe or has acted as Jill Peters. Defendant failed to argue or challenge the fraudulent inducement claim in his motion to dismiss, which constitutes a waiver of that argument. It is well-settled in this circuit that when a party fails to raise an argument, that argument is deemed waived. *Dewey v. Bechthold*, 387 F. Supp. 3d 919, 922 (E.D. Wis. 2019). See *Peters v. Welsh Development Agency*, No. 86 C 2646, 1991 U.S. Dist. LEXIS 17098, at *1 (N.D. Ill. Nov. 25, 1991) (a party's failure to raise an argument in the context of motion to dismiss may be viewed as a waiver of the argument). Since Zielinski did not challenge this count, Plaintiff is entitled to conduct discovery to confirm Zielinski is Doe and whether other Defendants or potential Defendants' involvement in the fraudulent scheme as the case progresses. Due to Defendant's waiver, Plaintiff's Count I is unchallenged and therefore stands, subject to being answered.

II. **Plaintiff Successfully Stated A Claim Of Conversion In Count II Of The Amend Complaint And Defendant's Motion To Dismiss Should Be Denied As To This Count.**

Defendant alleged that the claim under Count II should be denied because Plaintiff failed to plead a pre-suit demand for the return of the property. However, Defendant misinterprets the pre-suit demand rule. Although the absence of a pre-suit demand for possession of allegedly converted personal property can lead to dismissal, Illinois courts frequently excuse such a demand as futile when Defendant has sold or otherwise disposed of the property at issue. *Sembach v.*

4

*Lakeview Loan Servicing, LLC*, No. 20-cv-00752, 2021 U.S. Dist. LEXIS 157816, at *17-18 (N.D. Ill. Aug. 20, 2021). A direct communication from Defendant stating that the property was disposed of is not required to plead futility. *Id.*, at *18. Here, Plaintiff consistently alleged in the amended complaint that this case involves a sophisticated cryptocurrency fraud scheme in which Defendant defrauded Plaintiff of $2.4 million (Dkt. #36, paras. 1, 2, 41, 56). As in other online cryptocurrency cases, it is alleged in this Amended Complaint that Defendant controlled, transferred, and disposed of Plaintiff's assets immediately after receiving them via wire transfer (Dkt. #36, paras. 25, 28, 44, 47, 52, 56). Thus, Plaintiff sufficiently stated the conversion claim.

Defendant also misstates that "Plaintiff does not allege that Zielinski possessed or controlled Plaintiff's property, nor does Plaintiff allege what Zielinski did with the alleged property." (Dkt. #46, para, 13). Additionally, Defendant misrepresents that Plaintiff does not specify a particular fund or amount converted by Zielinski (Dkt. #46, pg. 7). Contrary to Defendant's allegations, in the Amended Complaint, Plaintiff further stated that Plaintiff's cryptocurrency assets were transferred to the following Coinbase wallet address: 0xcb19c7160f832f71b505dc590293302b03322db0 on August 28, 2022 (Dkt. #36, para. 55). The amount sent was 13,183.56 USDT (equivalent to $13,183.50) (Dkt. #36, paras. 44, 55, 56). Plaintiff then subpoenaed Coinbase for the Know Your Customer (KYC) information for the said wallet address on February 19, 2024, based on the belief stated in the complaint that "Coinbase is a financial institution that requires its account holders to submit valid personal identification documents to conduct transactions" (Dkt. #36, paras. 30, 56). On March 29, 2024, Coinbase responded to the subpoena and provided the account information (Ex. A). According to Coinbase records, Plaintiff stated in the Amended Complaint that Konrad Zielinski is the account holder (Dkt. #56). After filing an appearance, Defendant's counsel provided his redacted Coinbase

5

account statement[1] voluntarily to Plaintiff's counsel in an informal exchange of discovery. The parties also informed the court regarding this exchange during a status hearing. Based on the statement provided, it shows that Zielinski received 13,183.56 USDT on the same day (Ex. B[2]). The report also indicated that Zielinski had $0 in his account on August 11, 2022. Shortly after receiving the Plaintiff's 13,183.56 USDT, Zielinski disposed of nearly all the funds. By September 2022, only 8.70 USDT remained in his Coinbase account. Throughout 2023, the account balance was consistently between 0.03 and 0.12 USDT. Zielinski sold and disposed of all the USDT in question. Plaintiff has sufficiently alleged when, where, and how much Zielinski received and dissipated; therefore, Defendant Zielinski's arguments regarding Count II are futile, and Plaintiff's conversion claim stands. Plaintiff should be allowed to conduct further discovery on Zielinski to determine whereabout the transferred assets and other potential parties involved in the transaction. Even if the court grants the motion to dismiss this count, Plaintiff should be allowed to replead this count given the new information from the Coinbase account report. See Fed.R.Civ.P. 15(a)(2); *Solar Micronics, Inc. v. Reddy*, No. 22 CV 4921, 2023 U.S. Dist. LEXIS 122357, at *14 (N.D. Ill. July 17, 2023) ("The court should freely give leave [to replead] when justice so requires."

Additionally, Defendant improperly plays the "victim card" in its motion, contradicting the Plaintiff's allegations in the complaint, by claiming that Zielinski was an unwitting victim and merely a passive, unintentional recipient of the Plaintiff's assets (Dkt. #46, paras. 10, 25, 27). However, for the purposes of a motion to dismiss for failure to state a claim, a district court must take plaintiff's allegations to be true and view them, along with the reasonable inferences to be

---

[1] Coinbase only provided Know Your Customer (KYC) information based on the court's order allowing the scope of the subpoena to KYC information(Dkt. #13). Plaintiff was unable to access or review Defendant's Coinbase statement to verify the amount and transfer details until Defendant provided it.

[2] "a plaintiff need not put all of the essential facts in the complaint" and has the right to add them by affidavit or by brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint. *Help at Home Inc., v. Medical Capital, L.L.C.* 260 F.3d 748, 752-53 (7th Cir. 2001).

drawn from them, in the light most favorable to the plaintiff. *Morgan v. Bank of Waukegan*, No. 84 C 6251, 1987 U.S. Dist. LEXIS 8633, at *1 (N.D. Ill. Sep. 18, 1987). Furthermore, the evidence shows that Defendant is neither innocent nor an alleged victim in the fraudulent scheme, as he did not report to Coinbase or the police that he unexpectedly received 13,183.56 USDT. Instead, he immediately transferred all the assets that Plaintiff had transferred to his account, leaving merely 0.03 to 0.12 USDT in his account. Defendant cited *Brandt v. Bd. of Educ. of City of Chi.*, 480 F.3d 460, 465 (7th Cir. 2007), arguing that the doctrine *de minimis non curat lex* applies, or "the law doesn't concern itself with trifles" (Dkt. #46, pg. 8). However, the law does not excuse crimes or torts merely because the harm inflicted is small. The *de minimis* doctrine is never applied to the positive and wrongful invasion of another's property. *Hessel v. O'Hearn*, 977 F.2d 299, 301 (7th Cir. 1992). Defendant's argument fails and therefore his motion should be denied.

Finally, Defendant misstated that cryptocurrency is not subject to conversion. Specifically, Defendant misapplied *Am. Nat. Ins. Co. v. Citibank, N.A*., 543 F.3d 907, 910 (7th Cir. 2008), which does not involve cryptocurrency but rather intangible rights. Additionally, the court in *Am. Nat. Ins. Co.* stated that "[t]he rights involved with commercial paper merge into the document, a tangible thing, and thus conversion of the document is possible." *Am. Nat. Ins. Co. v. Citibank*, 543 F.3d 907, 910 (7th Cir. 2008). Similarly, at least one other District Court has stated that "intangible rights can form the basis of conversion damages when the converted property is a document into which intangible rights have merged." *Ancile Investment Co. Ltd. v. Archer Daniels Midland Co.*, 784 F. Supp. 2d 296, 312 (S.D.N.Y. 2011). Although there is a scarcity of cases on this issue, at least one federal court considers cryptocurrency to be personal property and, thus, a proper subject of an action for conversion. See *Langemann v. Spence*, 2020 U.S. Dist. LEXIS 88066, 2020 WL 5754800, at *10 n.11 (S.D.N.Y. May 18, 2020) ("While the Court is unaware of

7

any case that has explicitly considered whether cryptocurrency is the proper subject of a cause of action for conversion, such a result is consistent with cases allowing a conversion claim against other assets and funds." (citing cases involving money as property)), report and recommendation adopted, 2020 U.S. Dist. LEXIS 236650, 2020 WL 7384009 (S.D.N.Y. Dec. 16, 2020). In the Amended Complaint, Plaintiff addressed that Cryptocurrency is a digital currency that can be converted or exchanged for fiat currency (such as the U.S. dollar)(Dkt. #36, paras, 23-28). Cryptocurrency, like paper money, is properly subject to conversion. Thus, Defendant's arguments regarding conversion in his motion to dismiss all fail and the motion should be denied.

## III. Plaintiff's Conspiracy Claim In Count IV Should Survive The Motion To Dismiss[3].

Under Illinois tort law, a civil conspiracy requires "(1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007).

Defendant argued that Plaintiff implicated Zielinski in the scheme without any facts which show Defendant Zielinski knew of the agreement and intended to join it (Dkt. #46, pg. 10). However, a formal agreement is not necessary; when the acts performed by the alleged members of the conspiracy are unlikely to have been done alone, the court may infer an agreement. *Kunik v. Racine Cnty.*, 946 F.2d 1574, 1580 (7th Cir. 1991). In this case, throughout the complaint, Plaintiff presented the facts that Defendants, named in the complaint, induced Plaintiff to register an account called "EurexCoin" and promised significant profits. Plaintiff created an account on

---

[3] Under this count, Defendant alleged that "The Plaintiff has already secured default judgments against the scam companies," which is not accurate. The court only entered a default Rule 55(a) for certain Defendants who did not file an appearance, but not a default judgment.(Dkt. #24 and #30)

Crypto.com and transferred $2.4 million to various individuals and entities in the United States, including Defendant Zielinski (Dkt. #36, paras. 36, 37, 44, 50, 51, 47, 55, 56, 58). There is a strong likelihood that Defendant Zielinski did not conduct the fraud scheme alone, as the money was transferred to various individuals and entities listed in the complaint. Once the funds were received, Defendant Zielinski, like the other defendants, immediately transferred or dissipated Plaintiff's assets (Dkt. #36, paras. 25, 28, 44, 47, 52, 56). Certainly Defendant Zielinski is not taking the position that the cryptocurrency were turned over the law enforcement, further supporting the participation in a scheme with others to defraud Plaintiff. These well-pleaded facts permit a reasonable inference that Defendant Zielinski and at least one other defendant acted together, were aware of the general objectives of the scheme, and either explicitly or implicitly participated in it. Defendant Zielinski should be jointly and severally liable for all damages caused by the entire output of the conspiracy, including, but not limited to, the funds he received. *Paper Systems v. Nippon Paper Industry*, 281 F.3d 629, 632 (7th Cir. 2002).

Though Defendant claims innocence and denies knowing the identities of the other conspirators, a defendant "need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are." *Jones v. Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Rather, it suffices for a defendant to "understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do [his] part to further them." *Id.* Each conspirator then becomes "responsible for others' acts within the scope of the agreement." *Fulton v. Bartik*, No. 20 C 3118, 2024 U.S. Dist. LEXIS 51305, at *86 (N.D. Ill. Mar. 22, 2024).

Defendant Zielinski now claims innocence, citing *Turner v. Hirschbach Motor Lines*, 854 F.3d 926, 930 (7th Cir. 2017), alleging that "[a] defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil

9

conspiracy." However, there is no evidence to support his claim of innocence at the pleadings stage; rather, all the evidence shows the opposite. If he were innocent, he should have reported the unexpected amount transferred to him on August 28, 2022 (Dkt. #36, paras. 44, 55, 56). He never mentioned that he did not know where the money came from or expressed any doubt about its origin. Furthermore, as alleged in the amended complaint, if he were innocent or a victim, he would not have immediately transferred the amount Plaintiff sent to his Coinbase account, and his account would not have been left with nearly $0 USDT. It is more likely that Defendant Zielinski's Coinbase account was specifically used to receive the funds from the fraudulent schemes and to assist others in defrauding the public, including Plaintiff. After receiving Plaintiff's assets, he did not return the funds to Plaintiff or any law enforcement, but transferred them. There is reasonable inference to suggest that he communicated with other defendants and potential defendants and knew that the assets were obtained through improper means, including but not limited to fraud.

Again, at this early stage of the case, "a plaintiff need not put all of the essential facts in the complaint" and has the right to add them by affidavit or brief to defeat a motion to dismiss, as long as the facts are consistent with the allegations in the complaint. *Help at Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001). Due to the fraudulent nature of this case, Defendants used an alias to contact Plaintiff and conceal their identities. Plaintiff has no way of obtaining all the facts without Defendant's disclosure. Plaintiff needs to conduct discovery and request Defendant Zielinski's Coinbase or bank account records to track where and to whom he transferred the money, so Plaintiff can identify additional defendants involved in this scheme and recover his funds. Even if the court decides to dismiss this count, Plaintiff should be allowed to replead this count. See *Solar Micronics, Inc. v. Reddy*, No. 22 CV 4921, 2023 U.S. Dist. LEXIS

10

122357, at *14 (N.D. Ill. July 17, 2023) ("The court should freely give leave [to replead] when justice so requires.")

IV. **Plaintiff sufficiently pleaded Section 15 of the Exchange Act and Rule 10b-5 in Count VI**

Defendant argued that Plaintiff failed to allege the scienter element of the Securities Act, and that the Private Securities Litigation Reform Act requires Plaintiff to state with particularity facts that give rise to a strong inference that Defendant acted with scienter (Dkt. #46, pg. 11). When the allegations are accepted as true and considered collectively, a reasonable person would find the inference of scienter at least as strong as any opposing inference (Dkt. #46, pg. 12). In this case, Plaintiff alleged in the Amended Complaint that on August 28, 2022, Plaintiff transferred 13,183.56 USDT (equivalent to $13,183.50) to a Coinbase account, which was later revealed to be Defendant Zielinski's Coinbase account (Dkt. #36, paras. 44, 55, 56). The statement report provided by Defendant Zielinski confirmed that he received the same amount of USDT on the same day Plaintiff made the transfer(Ex. B). Thus, since Defendant's statement report is consistent with the allegations of the Complaint, Plaintiff has the right to include them in a brief in order to defeat a motion to dismiss. See H*entosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) (the court stated that a plaintiff may add facts by brief in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint.) Additionally, Defendant Zielinski never contacted the police or notified Coinbase that the 13,183.56 USDT was mistakenly transferred to him. Instead, Defendant Zielinski immediately transferred, dissipated, or sold the funds, which further corroborates Plaintiff's allegation in the amended complaint that Defendant transferred and dissipated Plaintiff's funds after receiving them((Dkt. #36, paras. 25, 28, 44, 47, 52, 56)).

Moreover, Defendant argues that Plaintiff failed to "allege that Zielinski communicated with the Plaintiff or directed him to make any transfer" (Dkt. #46, pg. 12). However, communication between the parties is not an element of Count VI. To state a valid Rule 10b–5 claim, a plaintiff must allege that the defendant made a material misstatement **or omission** (emphasis added). Here, Plaintiff has sufficiently claimed that Defendant's omission was intended to defraud and that Defendant transferred Plaintiff's cryptocurrency right after receiving it, as detailed in the amended complaint. (Dkt. #36, paras. 25, 28, 44, 47, 52, 56).

How did Zielinski know where to transfer the funds after receiving them? He must have communicated with someone involved in the scheme. Why must the court believe he is also a victim this juncture? He can't just claim innocence at this stage with no evidence, especially when all of Plaintiff's allegations must be taken as true under the law. When Plaintiff's allegations are accepted as true and considered collectively, any reasonable person would conclude that Defendant Zielinski actively and willingly participated in the scheme with others and intentionally transferred and disposed of Plaintiff's funds. Regardless of Defendant Zielinski's claims of innocence, the inference of scienter and his willing involvement in the scheme is stronger than any of his defense. With regard to a securities action, joint and several liability for disgorgement is proper when two or more persons cooperate with and aid each other in the commission of illegal conduct. *SEC v. Homa*, No. 99 C 6895, 2004 U.S. Dist. LEXIS 12226, at *1 (N.D. Ill. June 25, 2004). Therefore, Defendant is liable for the entire $2.4 million in damages, and Defendant's motion to dismiss Count VI should be denied.

Again, though the court decides to dismiss the count, Plaintiff should be freely allowed to amend the complaint with new evidence. The discovery procedure in this case is necessary; dismissal at this stage would be premature and prejudicial to Plaintiff.

12

### V.     Plaintiff's Count III for Unjust Enrichment and Count V for Constructive Trust Are Properly Pled.

Regarding unjust enrichment, Defendant did not argue that the Plaintiff failed to state a claim but instead alleged that Plaintiff failed to plead the amount by which Defendant was enriched (Dkt. #36, pg. 10). Defendant falsely alleged that, after a fair reading of the amended complaint, it appears Plaintiff is demanding $2.4M. *Id.*

Damages recoverable for unjust enrichment are measured by the extent of the actual enrichment, that is, the true benefit retained by the defendant. *See Creative Demos, Inc. v. Wal-Mart Stores, Inc.*, 142 F.3d 367, 372 (7th Cir. 1998); *See Bd. of Managers v. Green Trails Improvement Ass'n*, 404 Ill. App. 3d 184, 193-94, 934 N.E.2d 636, 343 Ill. Dec. 312 (2d Dist. 2010) ("Damages in an unjust enrichment claim are restitution measured by the defendant's gain, not the plaintiff's loss.")

Here, in the amended complaint, Plaintiff demanded judgment for an amount to be determined at trial, including attorney's fees, interest, and costs (Dkt. 36, pg. 15). Plaintiff never claims in the unjust enrichment count that Defendant Zielinski should pay $2.4M. It is improper to use the motion to limit the damages sought in the Amended Complaint against certain defendant. Zielinski could be Jill Peters or could have greater involvement beyond his Coinbase account activity. Further discovery could determine additional involvement and perhaps warrant full $2.4 million or more in damages to be assessed against him. Defendant misstated and misinterpreted Plaintiff's amended complaint, and his argument is futile. Additionally, Defendant himself cited *MetroPCS v. Devor*, 215 F. Supp. 3d 626, 635 (N.D. Ill. 2016), which shows that Plaintiff is entitled to the value of the benefit conferred on the Defendant, as well as any costs Plaintiff may have incurred (Dkt. 46, pg. 9). Thus, Plaintiff's claim for damages is proper.

For Constructive Trust (Count V), Defendant falsely alleged that "Defendant does not have Plaintiff's property, nor would he be capable of locating it." However, this is contradicted by the Coinbase statement report Defendant provided to Plaintiff, which shows that Defendant Zielinski actually possessed Plaintiff's 13,183.56 USDT (equivalent to $13,183.50) on the same day Plaintiff transferred it to his Coinbase account. Defendant then immediately transferred and dissipated the amount in his Coinbase account (Dkt. #36, paras. 44, 55, 56). Additionally, Defendant argued that "A constructive trust is an equitable remedy imposed by a court to prevent... unjust enrichment" (Dkt. 46, pg. 11). Here, since unjust enrichment is well-pleaded and stands in this case, the constructive trust should also stand.

### VI.     Plaintiff's Amended Complaint Satisfied the Standard of Rule 9(b)

Defendant argued that Plaintiff's complaint is conclusory and confusing regarding the cryptocurrency transactions and the fraudulent scheme involving Zielinski, and therefore fails to meet the standard of Rule 9(b). However, a complaint can withstand a Fed. R. Civ. P. 9(b) motion if it sufficiently describes the fraudulent act and provides the individuals with sufficient information to answer the allegations. *Morgan v. Kobrin Secur., Inc.*, 649 F. Supp. 1023, 1025 (N.D. Ill. 1986). Here, Plaintiff has sufficiently alleged when Defendant became involved in the fraudulent scheme, how he acted, his role in the scheme, as well as where and how much Z Defendant ielinski received and dissipated Plaintiff's assets, as fully addressed in both the complaint and the motion (see Response Motion, pp. 4-5). Plaintiff has provides Defendant Zielinski with sufficient information to answer the allegations.

Defendant also claimed that Plaintiff never alleges how Zielinski was specifically involved in the scheme or what Zielinski did to further the scheme (Dkt. 46, p. 6). However, as addressed in the complaint, Plaintiff specified that Zielinski, along with another defendant, defrauded

Plaintiff and transferred Plaintiff's money to further the scheme(Dkt. #36, paras. 25, 28, 44, 47, 52, 55, 56).

Fed. R. Civ. P. 9(b) requires all averments of fraud or mistake be stated with particularity. Rule 9(b) must be read together with the general requirements of Fed. R. Civ. P. 8(a), that plaintiffs need only plead a short and plain statement of the claim showing their entitlement to relief. However, Rule 9(b) does not require that all of plaintiff's evidentiary facts be pleaded. *Hang-Well Corp. v. Kenney Manufacturing Corp.*, No. 92 C 1869, 1992 U.S. Dist. LEXIS 14614, at *1 (N.D. Ill. Sep. 28, 1992). Thus, Plaintiff's amended complaint is well-pleaded and satisfies the requirement of Rule 9. Defendant's motion to dismiss should be denied.

WHEREFORE, Plaintiff, STEVEN JAY HOFFMAN, respectfully requests that the Court enter an Order denying Defendant Konrad Zielinski's motion to dismiss the Amended Complaint and granting Plaintiff such other relief as the Court deems just and proper.

By:        s/ *Gary Zhao*
           Gary Zhao
           Attorney for Plaintiff

**Amundsen Davis, LLC**
Joseph P. Carlasare  #6308706
Gary Zhao, #6279527
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
P: 312.894.3200
F: 312.894.3210
jcarlasare@amundsendavislaw.com
gzhao@amundsendavislaw.com

15

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on November 14, 2024  that a true and correct copy of the foregoing document was sent electronically to all counsel of record via ECF notices.

.

Respectfully submitted,

/s/ Gary Zhao
One of Attorneys for Defendant

AMUNDSEN DAVIS, LLC
Gary Zhao, Esq. (ARDC #6279527)
150 N. Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3377 – Telephone
gzhao@amundsendavislaw.com

16

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| STEVEN JAY HOFFMAN,<br><br>*Plaintiff,*<br><br>v.<br><br>SEA DRAGON TRADING LLC,<br><br>*Defendant.* | 1:23-cv-3407<br><br><br>**NONPARTY COINBASE, INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

In accordance with Federal Rule of Civil Procedure 45, Nonparty Coinbase, Inc.'s

provides the following objections and responses to Steven Jay Hoffman's ("Plaintiff")

Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of

Premises In a Civil Action (the "Subpoena").

## GENERALLY OBJECTIONS

1.      Coinbase, Inc. (herein after "Coinbase") objects to each document request to the extent it seeks documents or information protected by constitutional, statutory and/or common law rights to personal privacy and confidentiality.

2.      Coinbase objects to each document request as overly broad and unduly burdensome to the extent it would purport to require Coinbase to search inaccessible sources of electronically stored information or repositories for materials.

3.      Coinbase objects to each document request pursuant to Federal Rule of Civil Procedure 45(d)(1) to the extent that a response by Coinbase, a non-party, requires undue burden or expense.

4.      Coinbase objects to each document request to the extent it is more properly directed to a party to this dispute, or to a different non-party, and thus, unduly burdens Coinbase.

5.      Coinbase objects to each document request to the extent it seeks production of confidential information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.

6.      Coinbase objects to each document request to the extent that the information provided does not allow Coinbase to determine with certainty which accounts would be responsive to the requests.

8.      Coinbase objects to each document request on the grounds it implicates the privacy interests of persons who are not parties to the above-captioned action, as the disclosure

of such information may breach those persons' reasonable expectations of privacy and/or may violate such persons' constitutional and/or statutory privacy rights.

9.    Coinbase objects to each document request to the extent it seeks trade secrets or other proprietary non-public information created or maintained by Coinbase or its agents.

10.    Coinbase objects to each document request to the extent it seeks information protected from disclosure by foreign law or regulation.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**SUBPOENA RIDER TO COINBASE:**

**All documents regarding, reflecting, recording, or memorializing Know Your Customer (KYC) information, including, but not limited to name, street address, telephone number and e-mail address for accounts associated with wallet addresses listed below:**

**0xcb19c7160f832f71b505dc590293302b03322db0**

**RESPONSE TO SUBPOENA RIDER:**

Coinbase incorporates by reference its General Objections stated above.  Subject to and without waiving the foregoing objections, Coinbase responds as follows: Coinbase directs Plaintiff to the Account Report produced concurrently herewith, which is sufficient to show the name, street address, telephone number, and email address associated with the wallet address specified in the Subpoena Rider.

March 29, 2024

/s/ *Elissa C. Jeffers*

Elissa C. Jeffers
Attorney for Nonparty Coinbase, Inc.

**PROOF OF SERVICE**

I, Caroline J. Barrett, hereby certify under penalty of perjury that:

1. At the time of service, I was over 18 years of age and not a party to this action. My business address is Coinbase, Inc., 248th Street, #434, Oakland, CA 94607.

2. Today I served via email a true and correct copy of the attached document, entitled **"NONPARTY COINBASE, INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION"** to the person(s) at the following email address(es):

> Steven Jay Hoffman
> c/o
> Gary Zhao
> Amundsen Davis LLC
> 150 N. Michigan Ave., Suite 3300
> Chicago, IL 60601
> **gzhao@amundsendavislaw.com**
> (312) 894-3200

Executed March 29, 2024 at St. Louis, MO.

*Caroline J. Barrett*

| USER ATTRIBUTES *** | | |
|---|---|---|
| USER ID | 5a2ca8128dde8a0126d8d6ac | |
| NAME | Konrad Zielinski | |
| EMAIL | k.zielinski27@yahoo.com | |
| CREATED | December,  9 2017 07:20pm PST | |
| | | |
| | | |
| IDENTITY *** | | |
| FIRST NAME | Konrad | |
| LAST NAME | Zielinski | |
| SSN | 323882405 | |
| ADDRESS1 | 1890 Robinwood Ln | |
| ADDRESS2 | | |
| CITY | Riverwoods | |
| STATE | IL | |
| ZIP | 60010 | |
| COUNTRY | United States of America | |
| | | |
| | | |
| PERSONAL DETAILS *** | | |
| Street Address | 1830 ROBINWOOD LANE/ | |
| City, State, ZIP | RIVERWOODS, IL, 60015 | |
| Country | US | |
| | | |
| | | |
| PHONE NUMBERS *** | | |
| NUMBER | COUNTRY | VERIFIED |
| 7089351640 | US | |

# EXHIBIT "B"

Coinbase                                              December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

# Gain / Loss report

Konrad Zielinski | ███████████████████ | a4b3 | ███████████

## About report

This report includes all taxable activity on Coinbase with realized gains or losses. For US customers, Sells and Converts are taxable events that realize gains. This report does not include taxable events like Staking or Coinbase Earn that result in income. Note that this report is provided for informational purposes only, and you are responsible for confirming the accuracy and completeness of the information set forth in the report. For final tax obligations, please consult your tax advisor.

## Summary

**Cost Basis Method: HIFO**

| Data source | Long-term | Short-term | Total Gain/Loss |
|---|---|---|---|
| Coinbase | None | -$198.95 | -$198.95 |
| Customer provided | None | $3,599.55 | $3,599.55 |
| **Total** | **None** | **$3,400.60** | **$3,400.60** |

## Report legend

### Short-term

The tax you pay on capital gains or losses depends on how long you hold the asset. If you hold an asset for 1 year or less, you pay the short term capital gains tax rate.

### Long-term

The tax you pay on capital gains or losses depends on how long you hold the asset. If you hold an asset for 1 year and 1 day, or longer, you pay the long term capital gains tax rate.

### Proceeds

The amount of money you received when you sold your cryptocurrency. If you received USD in exchange for your cryptocurrency then the cash you received is your proceeds. If you exchanged one cryptocurrency for another it will be the dollar value of the crypto you received.

### Cost-basis method

You can change your cost-basis method by accessing the Settings page. For futures, the cost-basis method is fixed to FIFO (First in, first out). The method currently displayed is based on your account's default setting.

Generated on September 4, 2024 13:28 EST

Coinbase

December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

Section 1

# Data source: Coinbase

These are taxable transactions incurring realized gains or losses where Coinbase has all relevant data points.

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 06/04/2022 | Purchased with USDT | 9806.883575 | $9,798.99 | $9,997.04 | None | -$198.05 | -$198.05 |
| | **Date Acquired (Tax Lots)** | | | | | | |
| 06/04/2022 | 9806.883575 USDT | | $9,798.99 | $9,997.04 | None | -$198.05 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 06/22/2022 | Purchased with ETH | 0.00566746 | $6.11 | $7.01 | None | -$0.90 | -$0.90 |
| | **Date Acquired (Tax Lots)** | | | | | | |
| 06/22/2022 | 0.00566746 ETH | | $6.11 | $7.01 | None | -$0.90 | |

Generated on September 4, 2024 13:28 EST

Coinbase

December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

Section 2

# Data source: Customer provided

These are taxable transactions incurring realized gains or losses using customer-provided information. This data will not be reported to the IRS, but is provided for filing their own taxes.

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 07/11/2022 | Converted USDT | 11175.071408 | $11,165.52 | $11,166.66 | None | -$1.15 | -$1.15 |

### Date Acquired (Tax Lots)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06/22/2022 | | 11026 USDT | $11,016.57 | $11,014.70 | None | $1.87 | |
| 06/04/2022 | | 149.071408 USDT | $148.94 | $151.96 | None | -$3.02 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 07/17/2022 | Converted ETH | 9.59124206 | $13,040.97 | $11,183.42 | None | $1,857.55 | $1,857.55 |

### Date Acquired (Tax Lots)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06/22/2022 | | 0.01775735 ETH | $24.14 | $20.72 | None | $3.42 | |
| 07/11/2022 | | 9.57268101 ETH | $13,015.74 | $11,161.71 | None | $1,854.03 | |
| 06/22/2022 | | 0.0008037 ETH | $1.09 | $0.99 | None | $0.10 | |

Generated on September 4, 2024 13:28 EST

Coinbase

December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 07/17/2022 | 🟢 Converted USDT | 12779.995196 | $12,777.12 | $13,040.97 | None | -$263.85 | -$263.85 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 07/17/2022 | 12779.995196 USDT | | $12,777.12 | $13,040.97 | None | -$263.85 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 07/17/2022 | 🔵 Converted ETH | 9.26849265 | $12,622.34 | $12,785.13 | None | -$162.78 | -$162.78 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06/22/2022 | 0.00390237 ETH | | $5.31 | $4.20 | None | $1.11 | |
| 07/17/2022 | 9.26132498 ETH | | $12,612.58 | $12,777.12 | None | -$164.54 | |
| 07/11/2022 | 0.0032653 ETH | | $4.45 | $3.81 | None | $0.64 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 08/28/2022 | 🟢 Converted USDT | 13183.563075 | $13,183.50 | $13,183.50 | None | -$0.00 | -$0.00 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 08/11/2022 | 0.000375 USDT | | $0.00 | $0.00 | None | -$0.00 | |
| 08/28/2022 | 13183.5627 USDT | | $13,183.50 | $13,183.50 | None | -$0.00 | |

Coinbase                                                                 December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 09/10/2022 | Sold ETH | 8.70527452 | $15,312.12 | $13,183.50 | None | $2,128.62 | $2,128.62 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 08/28/2022 | | 8.70527452 ETH | $15,312.12 | $13,183.50 | None | $2,128.62 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 01/27/2023 | Converted ETH | 0.12760818 | $200.04 | $200.23 | None | -$0.19 | -$0.19 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06/22/2022 | | 2.5001483E-9 ETH | $0.00 | $0.00 | None | $0.00 | |
| 01/26/2023 | | 0.1276081774998517 ETH | $200.04 | $200.23 | None | -$0.19 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 04/23/2023 | Purchased with BTC | 0.03271826 | $900.46 | $912.89 | None | -$12.43 | -$12.43 |

**Date Acquired (Tax Lots)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 04/23/2023 | | 0.03271826 BTC | $900.46 | $912.89 | None | -$12.43 | |

| Date Sold | Event | Amount | Proceeds | Cost Basis | Long Term | Short Term | Total Gain/Loss |
|---|---|---|---|---|---|---|---|
| 05/07/2023 | Purchased with BTC | 0.08383135 | $2,390.89 | $2,337.11 | None | $53.79 | $53.79 |

**Date Acquired (Tax Lots)**

Generated on September 4, 2024 13:28 EST

Coinbase                                                                                December 9, 2017 13:27 EST - September 4, 2024 13:27 EST

| 04/23/2023 | 0.02694923 BTC | $768.60 | $750.00 | None | $18.60 |
| 04/23/2023 | 0.05688212 BTC | $1,622.29 | $1,587.11 | None | $35.19 |